IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. No. 09-CR-2968-RB |
| | ) | |
| DANIEL RAMON MUNOZ | ) | |

**MOTION TO SEVER**

Comes now the Defendant, Daniel Ramon Muñoz, by and through his undersigned attorney pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, and moves this Court to sever the trial of the charges against him from the charges against codefendant Nathan Archuleta, and as grounds for this Motion would show the Court the following:

I.

Mr. Muñoz is charged in Count One, along with the other five codefendants, with conspiracy to possess over fifty grams of methamphetamine with the intent to distribute it.  In Count Two, all six defendants are charged with possession with the intent to distribute over fifty grams of methamphetamine (and aiding and abetting that offense).  These two counts are alleged to have occurred July 2-3, 2009.

II.

Counts Three and Four charge offenses[1] against only codefendant Nathan Archuleta, both occurring four months later, on November 5, 2009

---

[1] Count Three charges possession of methamphetamine.  Count Four charges possession of a firearm by a convicted felon.

III.

Rule 8 of the Federal Rules of Criminal Procedure provides that different offenses may be joined in one indictment if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 14 gives the Court the discretion to sever counts when undue prejudice results from the joinder.

IV.

Counts One and Two were improperly joined with Counts Three and Four. The two groups of alleged offenses occurred nearly four months apart. The participants in the alleged offenses vary from all six defendants allegedly acting together in Counts One and Two, to Mr. Archuleta acting alone in Counts Three and Four. Most importantly, the offenses alleged in Counts One and Two are different in character from that alleged in Count Four. The alleged possession of the firearm (Count Four) has no relation to the drug offense charged in Count Three much less the drug offenses charged in Counts One and Two.[2] This case is thus distinguishable from one like *United States v. Walker,* 104 F.3d 368 (10th Cir. 1996). In that case, a drug offense was charged in the same indictment with witness tampering. However, the witness tampering was for the purpose of eliminating the witness' testimony in the drug case. The two offenses, therefore, although different in nature and date, were factually completely interrelated. There is no such factual connection between the drug offenses charged in Counts One and Two and the offense charged in Count Four.

---

[2] Mr. Archuleta would presumably be charged under 18 U.S.C. § 924(c) if the gun possession had anything to do with the drug offenses.

V.

Even if the joinder of Counts One and Two with Counts Three and Four were authorized by Rule 8, which it clearly was not, the Court should nevertheless sever Mr. Archuleta's trial from that of Mr. Muñoz because their joint trial would be unduly prejudicial for two distinct reasons. The severance of Counts Three and Four from One and Two would not abate the undue prejudice that would result from a joint trial. The Court should use its discretion under Rule 14 to sever the trials of these two defendants so that Mr. Muñoz is guaranteed a fair trial. The Supreme Court has held that a court should grant a severance when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933 (1993) (quoted in *United States v. Apperson,* 441 F.3d 1162, 1190 (10th Cir. 2006)).

VI.

The first prejudice that would befall Mr. Muñoz in the event of a joint trial with Mr. Archuleta is that a post-arrest statement of Mr. Archuleta's that would be admissible against Mr. Archuleta might be introduced to the irreparable detriment of Mr. Muñoz. Specifically, the post-arrest statement is a letter written by Mr. Archuleta in December 2009. The intended recipient of the letter, according to the government's theory, was Mr. Muñoz. The letter discusses Mr. Archuleta's thoughts about taking a plea, and his belief that neither defendant would ever testify against the other. Although the letter does not mention Mr. Muñoz, if only these two defendants went to trial and it is clear that Mr. Archuleta is writing to a codefendant, it would obviously implicate Mr. Muñoz. In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620 (1968), the Supreme Court held that

the admission of a codefendant's confession that implicated the defendant at a joint trial where the codefendant does not testify violates the defendant's sixth amendment right to confront the witnesses against him.  *See also, United States v. Sarracino,* 340 F.3d 1148, 1160-61 (10th Cir. 2003)(sixth amendment violation which resulted from failure to sever was error, but was harmless under those particular circumstances).

## VII.

The other aspect of prejudice that would unfairly enter into the case against Mr. Muñoz if he were tried jointly with Mr. Archuleta is the admission of the video of Mr. Archuleta's arrest.  This video would not only be admissible in a trial of Counts Three and Four (if the counts were severed), but would also likely be admissible against Mr. Archuleta in a trial of Counts One and Two, because fleeing from law enforcement may be admissible to show consciousness of guilt.  The video shows Mr. Archuleta's violent flight from law enforcement officers, his struggle with them, and his hideous verbal outburst, during which he implies that he would have killed the officers if given the chance.  The video is extraordinarily prejudicial; fairly prejudicial against Mr. Archuleta, but unfairly prejudicial against Mr. Muñoz.  The prejudice to Mr. Muñoz would flow from the fact that the evidence will show that the defendants were associates.  A jury seeing the video would almost certainly hold it against Mr. Muñoz that he voluntarily associated with the person shown in the video of Mr. Archuleta's arrest.

## VIII.

If two trials were held, one against Mr. Muñoz and one against Mr. Archuleta, there would be an inevitable duplication of the presentation of evidence as to Counts One

and Two.  Nevertheless, the goal of assuring Mr. Muñoz' right to a fair trial trumps judicial economy in this instance.

IX.

Counsel has conferred with opposing counsel.  Assistant United States Attorney Stephen Wong has represented that the United States opposes this motion.

WHEREFORE, it is respectfully requested that the Court grant this motion and sever the trial of the charges against Mr. Muñoz from the trial of the charges against Nathan Archuleta.

Respectfully submitted,

By: s/ Mary Stillinger
MARY STILLINGER
NM Bar No.4530
4911 Alameda Ave.
El Paso, Texas  79905
(915) 775-0705
FAX: (915) 775-1337
E-mail: stillingerlaw@sbcglobal.net
Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that on this 10th day of February, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Assistants United States Attorney
Stephen Wong
Nathan Jon Lichvarcik

By: s/ Mary Stillinger