# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Cr. No. 09-2968 RB

NATHAN ARCHULETA, et al,

    Defendant.

## MOTION FOR RELIEF OF PREJUDICIAL JOINDER

Defendant, Nathan Archuleta, by and through his appointed attorney, Mark D'Antonio, and pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure, moves this Court to sever the Defendant's trial from his co-defendant, Daniel Ramon Munoz, and as grounds for this Motion would show the Court the following:

By way of a Second Superceding Indictment filed March 10, 2010, the Defendant is charged as follows:

Count 1: Conspiracy to Possess with Intent to Distribute 50 grams or more of methamphetamine (Mr. Munoz is also charged in this Count);

Count 2: Possession with Intent to Distribute 50 grams or more of methamphetamine (Mr. Munoz is also charged in this Count);

Count 4: Conspiracy to Possess with Intent to Distribute Methamphetamine;

Count 5: Felon in Possession of a Firearm;

Count 6: Carrying a Firearm During and in Relation to Drug Trafficking Crime; and

Count 7:   Possession of Methamphetamine

The Second Superceding Indictment also charges Mr. Munoz, alone with the following charges:

Count 3: Conspiracy to Possess with Intent to Distribute 50 grams or more of methamphetamine and

Count 8: Attempted Escape.

The Defendant will be tainted and prejudiced if tried with Mr. Munoz.  The trial court must weigh any potential prejudice against the important considerations of economy and expedition in judicial administration."*United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir.1979).   In this case, the joinder of the defendants will causes actual deprivation to an individual's right to fair trial.  See *United States v. Butler*, 494 F.2d 1246 (10th Cir.1974).   The Court must insure that prejudice does not occur by joining defendants.  *Schaffer v. United States*, 362 U.S. 511  (1960).

Mr. Munoz is charged with attempted escape. A jury may infer that Mr. Munoz' attempted escape was due to the fact that he was guilty of the alleged charges.  That inference may be unfairly attributed to the Defendant if the two are tried together.  Of the two conspiracy charges, both the Defendant and Mr. Munoz are charged in one count and only the Defendant is charged in the other. It is clear from the indictment, that the Government does not believe that they participated in the same series of acts or transactions constituting the two conspiracies or both would have been charged in both counts.  In the eyes of the jury, this could unjustly paint the Defendant as a leader in both conspiracies with little or no other evidence other than Mr. Munoz' involvement with the Defendant in one of the conspiracies.  These likely injustices can be prevented by separate trial for the Defendants in this matter.

WHEREFORE, it is respectfully requested that the Court order separate trials for the co-defendants in this matter.

>Respectfully submitted,
>/s/ Mark D'Antonio
>Mark D'Antonio
>Attorney for Nathan Archuleta
>PO Box 1086
>Las Cruces, New Mexico 88004
>phone: (575) 647-1399 fax: (575) 523-4911

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading has been forwarded to Assistant United States Attorney Stephen Wong by electronically mailing to his electronic mail address of record, on this 19th day of April, 2010.

>/s/ Mark D'Antonio
>Mark D'Antonio