IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.	Cr. No. 09-2968 RB

NATHAN ARCHULETA, et al,

    Defendant.

## MOTION TO SEVER COUNTS

COMES NOW the Defendant, Nathan Archuleta, by and through his appointed attorney, Mark D'Antonio, and respectfully moves this Court for an Order severing Counts One and Two from Counts Four, Five Six and Seven. All Counts refer to are found in the Second Superceding Indictment filed March 10, 2010.

As grounds therefore, Defendant states:

1.	An incident in Luna County on July 2, 2009, the Defendant and one co-defendant, are charged with: (1) Conspiracy to Possess with Intent to Distribute 50 grams or more of methamphetamine and (2) Possession with Intent to Distribute 50 grams or more of methamphetamine. See Counts One and Two of the Second Superceding Indictment.

2.	An incident in Valencia County on November 5, 2009, resulted in Defendant, alone, being charged with: (1) Conspiracy to Possess with Intent to Distribute Methamphetamine; (2) Felon in Possession of a Firearm; (3) Carrying a Firearm During and in Relation to Drug Trafficking Crime; and (4) Possession of Methamphetamine. See Counts Four through Seven of the Second Superceding Indictment.

3.     The July 2nd incident involves allegations of a drug conspiracy to possess with intent to distribute a substantial amount of methamphetamine. The conspiracy centers around two females transporting tubes of methamphetamine, hidden on their bodies, from Palomas, Mexico, to Luna County, New Mexico.

4.     The November 5th incident involves allegations of a high-speed vehicle chase in Valencia County, New Mexico. The charges center around a small amount of methamphetamine, two firearms, and ammunition allegedly found in Defendant's possession when the vehicle was stopped.

5.     The alleged July and November conspiracies are completely unrelated in fact and circumstance and are both included in the Indictment only to bolster each of the allegations. The activities of each conspiracy are unconnected. The United States understands that the July alleged conspiracy is based on a very weak premise and is completely dependant on tenuous cooperator testimony. The November conspiracy is based on an amount of methamphetamine that by definition is for personal use. However, that allegation includes a dramatic car chase the United States believes will lend credence to the alleged July conspiracy, which is factually weak. The foundation of including both conspiracy one a single indictment is for the prosecutorial convenience and advantage, nothing more.

6.     Rule of Criminal Procedure 8(a) allows for joinder of two or more offenses in the same indictment in three circumstances: (1) offenses that are of the same or similar character, (2) offenses that are based on the same act or transaction, and (3) offenses that are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. See *United States v. Furman*, 31 F.3d 1034, 1036 (10th Cir. 1994)(bank fraud, misapplication of bank

funds, and making false statements); *United States v. Bowen*, 946 F.2d 734, 737 (10th Cir. 1991)(making false statements and misapplication of bank funds). Rule 8(b) applies to joinder of defendants.

7.      Generally, courts treat Rules 8(a) and 8(b) as mutually exclusive, i.e., Rule 8(a) applies only to offenses against a single defendant. However, several United States Circuit Courts have stated that Rule 8(a) applies, even in multi-defendant cases, when a defendant challenges joinder of offenses. See for example, *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997)(but holding that the outcome would be the same under either 8(a) or 8(b), relating to joinder of defendants); *United States v. Southwest Bus Sales, Inc.*, 20 F.3d 1449, 1454 (8th Cir. 1994); *United States v. Eufrasio*, 935 F.2d 553, 570 n.20 (3d Cir. 1991)(same approach as taken in *Frost*).

8.      Case law has established that a defendant must show that misjoinder results in actual prejudice. *United States v. Sarkisian*, 197 F.3d 966, 976-77 (9th Cir. 1999); *United States v. Lane*, 474 U.S. 438, 446 (1986). However, at least one United States Circuit Court has placed the burden on the government by "revers[ing] unless the misjoinder resulted in no 'actual prejudice' to the defendants." *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003), *cert. denied by Mackins v. United States*, 123 S.Ct. 2099 (2003).

9.      Rule of Criminal Procedure 14 provides for relief from joinder if it appears that the defendant is prejudiced by the joinder of offenses. This Court has discretion to order separate trials of counts or provide whatever other relief justice requires.

10.     In the present case, the prejudice of trying the November 5th counts with the July 2nd counts outweighs the interests of judicial economy and efficiency. The November 5th not only suggests a level of criminal conduct not present in the July 2nd counts, but Count Five (the Felon in

Possession count) requires the jury to be aware of Defendant's prior criminal history. Defendant's primary concern is whether the jury will be able to segregate evidence applicable to each incident and follow *in limine* instructions as they apply to each incident.

11.     In this case, the prejudice is so great that it will deny Defendant his right to due process and to a fair trial, as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. Knowledge of the allegations in Counts Four through Seven would create an unavoidable jury prejudice against Defendant as to Counts One and Two.

12.     Counts One and Two are unconnected to Counts Four through Seven. Prejudice can result from trying unconnected offenses when there are multiple defendants. *United States v. Donaway,* 447 F.2d 940, 943 (9th Cir. 1971).

13.     One example of unavoidable prejudice in this case is that Mr. Archuleta may become embarrassed or confounded in presenting separate defenses. *Cross v. United States*, 335 F.2d 987, 991 (D.C. Cir. 1964).

14.     Another concern is that the jury may rely on evidence of one crime to infer a criminal's disposition and find guilt. See, *United States v. McCarter*, 316 F.3d 536, 540-41 (5th Cir. 2002)(lack of evidence supporting felon-in-possession counts and circumstances surrounding government's addition of those counts led to conclusion that the government added those counts only to buttress their case); *United States v. Halloway*, 1 F.3d 307, 312 (5th Cir. 1993)(misjoinder of remote weapons charge with robbery charge unfairly influenced jury); *United States v. Dockery*, 955 F.2d 50, 53-55 (D.C. Cir. 1992)(denial of severance was abuse of discretion where the government charged the defendant with felon-in-possession offense and drug offense, refused defendant's stipulation regarding his prior conviction, and insisted on proof of that conviction); *United States*

*v. Lewis*, 787 F.2d 1318, 1321-22 (9th Cir. 1986), *modified*, 798 F.2d 1250 (9th Cir. 1989)(admission of other crimes in one count prejudiced defendant on other joint count when evidence was weak on second charge).

15.    Furthermore, the jury may cumulate evidence of the various crimes. *United States v. Massa,* 740 F.2d 629, 644 (8th Cir. 1985)(jury's inability to compartmentalize evidence); *United States v. Reed*, 658 F.2d 624, 629 (8th Cir. 1981).

16.    Based on the foregoing, Mr. Archuleta respectfully requests that this Court sever Counts One and Two from Counts Four through Seven, and require the government to present evidence of the July 2nd incident independent and separate from the evidence regarding the November 5th incident.

18.    The government opposes the granting of this motion.

19.    Defendant requests a hearing on this motion.

20.    The Defendant is in Custody.

Respectfully submitted,

/s/   Mark D'Antonio
Mark D'Antonio
Attorney for Nathan Archuleta
1690 N. Main Street
Las Cruces, New Mexico 88001
phone:  (575) 523-7979  fax:  (575) 523-2373

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing pleading has been forwarded to Assistant United States Attorney Stephen Wong by electronically mailing to his electronic mail address of record, on this 19th day of February, 2010.

/s/ Mark D'Antonio